UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HYDRITE CHEMICAL COMPANY ,

        Plaintiff,

                            Case No. 22-cv-266-pp

    v.

ARCHANGEL INC.
and ALLEN ZIEGER,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO SEAL CERTAIN DOCUMENTS FILED UNDER SEAL IN REMOVED STATE COURT LAWSUIT (DKT. NO. 3); GRANTING DEFENDANT ARCHANGEL, INC.'S MOTION TO SEAL EXHIBIT 1 TO COUNTERCLAIMS (DKT. NO. 16); DENYING WITHOUT PREJUDICE DEFENDANTS ARCHANGEL INC. AND ALLEN M. ZIEGLER'S CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO SEAL CERTAIN DOCUMENTS FILED IN THIS LAWSUIT (DKT. NO. 19); DENYING WITHOUT PREJUDICE MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION AGAINST ARCHANGEL, INC. AND ALLEN M. ZIEGLER (DKT. NO. 4); AND SCHEDULING HEARING ON PLAINTIFF'S MOTION TO REMAND (DKT. NO. 12) AND PLAINTIFF'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND, IN THE ALTERNATIVE, FOR PARTIAL DISMISSAL FOR FAILURE TO STATE A CALIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) (DKT. NO. 25)**

On February 8, 2022, the plaintiff filed a complaint in Waukesha County Circuit Court, as well a motion for temporary restraining order and a motion for temporary injunction. Dkt. No. 1 at 1. The complaint alleges that the defendants breached an Amended and Restated Licensing Agreement, dkt. no. 1-1 at 9, that they breached their duties of good faith and fair dealing, dkt. no. 1-1 at 10, that they misappropriated trade secrets, dkt. no. 1-1 at 11, that they

1

misappropriated confidential information, dkt. no. 1-1 at 12, and that they tortiously interfered with contractual relationships, dkt. no. 1-1 at 13. The plaintiff seeks judgment in its favor, preliminary and permanent injunctive relief, rescission of the Product Return and Damages Agreement, specific performances of the Amended and Restated Licensing Agreement and disgorgement. Dkt. No. 1-1 at 14.

On March 2, 2022, the defendants filed a notice of removal, citing diversity of citizenship and an amount in controversy exceeding $75,000. Dkt. No. 1 at 3. The same day, they filed a motion for a temporary restraining order and temporary injunction. Dkt. No. 4. The defendants objected to removal and moved for remand to state court. Dkt. No. 12. The defendants also have filed a motion to dismiss for forum *non conveniens* and for failure to state a claim. Dkt. No. 25.

In the months since the case was removed to federal court, the defendants (one, or both) also have filed three motions to seal. Dkt. Nos. 3, 16, 19. The plaintiffs do not oppose any of the motions and have joined in the third motion, filed on April 18, 2022. Dkt. No. 20.

## I. Motions to Seal (Dkt. Nos. 3, 16, 19)

### A. Standard Governing Motion to Seal

"General Local Rule 79(d) governs procedures for motions to restrict." Ramos v. Cont'l Auto. Sys., Inc., No. 18-cv-1900-pp, 2020 WL 8617482, at *1 (E.D. Wis. Sept. 3, 2020). The rule requires the motion to describe "the general nature of the information withheld from the public record." The movant must

2

support the motion with "sufficient facts demonstrating good cause for withholding the document or materials from the public record." General L.R. 79(d)(3) (E.D. Wis.). If the movant is not the party who designated the material confidential, the movant "may explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials." Id. The party that originally designated the material confidential may, if it chooses to do so, provide facts showing good cause to continue the restriction. Id. If neither party provides "a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials," the court "must" deny the motion. Id. Gen. L.R. 79(d)(4) requires the movant to include in its motion "a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion." Id.

The Seventh Circuit has explained there must be good cause to seal or restrict documents. Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). The public has a right of access to the judicial record so that it may know who is using the courts, to understand judicial decisions and to monitor the judiciary's performance. Id. Because the public pays for the courts, the public is entitled to know what goes on at all stages of a judicial proceeding. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d

3

943, 945 (7th Cir. 1999). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Roumann Consulting Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019).

B.   Defendants' Motion to Seal Certain Documents Filed Under Seal in Removed State Court Lawsuit (Dkt. No. 3)

Both defendants filed a motion asking the court to "seal and restrict access to Exhibit 2" filed with the defendants' notice of removal. Dkt. No. 3 at 5 (referencing Dkt. No. 1-2). Exhibit 2 consists of the "Amended and Restated License Agreement" and the "Product Return and Damages Agreement." Id. at ¶4. The defendants assert that "good cause exists to restrict access to the Restricted Documents to the Court and the parties to this action because the State Court has granted [the plaintiff's] motion to seal the Restricted Documents, and similarly restricted access to the State Court's copies of the Restricted Documents." Id. at ¶7. The defendants assert that case law supports maintaining a document under seal where public disclosure would give other firms a competitive advantage. Id. at ¶8 (citing Formax v. Alkar-Rapidak-MP Equip., Inc., No. 11-C-298, 2014 WL 792086 at 3 (E.D. Wis. Feb. 25, 2014)). They assert that in state court, the plaintiff argued that the Amended and Restated License Agreement was "confidential and proprietary because it contains sensitive information concerning how [the plaintiff] handles licensing agreements, including but not limited to royalties paid." Id. at ¶9. They say that in the state court, the plaintiff had argued that "public disclosure of the

4

Amended and Restated License Agreement would give [the plaintiff's] competitors an unfair advantage in securing of licensing agreements which may be of interest to [the plaintiff] and would give other entities and individuals an unfair advantage when negotiating licensing agreements with [the plaintiff]." Id. The defendants agree with the plaintiff that good cause exists to restrict access to the documents. Id. at ¶11.

The court has reviewed the documents and finds that the parties have met their burden with respect to the request to make the documents inaccessible to the public; the court will grant the defendants' motion. The court assumes that the parties want to restrict the documents (which means that the court and the parties may access them but no one else), as opposed to having them "sealed" (which would mean that only the court would have access to them).

C.   Archangel Inc.'s Motion to Seal Exhibit 1 to Counterclaims
     (Dkt. No. 16)

Defendant Archangel, Inc. filed a motion asking the court to seal Exhibit 1 attached to its counterclaims (referencing Dkt. No. 17-1); the motion makes arguments similar to those made by the defendants in the first motion. Dkt. No. 16. Exhibit 1 includes the original License Agreement, which closely resembles the Amended License Agreement previously filed under seal in the state court. Id. at ¶11. Archangel asserts that the original License Agreement also contains "competitively sensitive information as to how [the plaintiff] handles licensing agreements, including the rates of royalties paid." Id.

5

Because the original agreement, like the amended agreement, contains sensitive information regarding licensing and royalties, the court will grant the motion and restrict Exhibit 1 to Archangel's counterclaims.

D.     Defendants' Civil L.R. 7(h) Expedited Non-Dispositive Motion to Seal Certain Documents Filed In This Lawsuit (Dkt. No. 19)

On April 18, 2022, both defendants filed a motion to seal their answer, affirmative defenses and counterclaims, dkt. no. 17, and their brief in opposition to the motion to remand, dkt. no. 18. Dkt. No. 19. Attached to the answer and counterclaims as Exhibit 1 was the original License Agreement discussed above. Id. at ¶9. The defendants explain that after they filed their opposition brief, the plaintiff contacted them and asserted that the answer, counterclaims and opposition brief contain information that is confidential and proprietary because it related to the documents sealed in the state court. Id. at ¶14. The defendants stated that although they asked the plaintiff to identify the information in the answer and counterclaims and the opposition brief that the plaintiff believes is confidential and proprietary, the plaintiff declined to specify at that time. Id. at ¶15. The defendants indicate that they agreed to file this motion in an abundance of caution. Id.

On April 19, 2022, the plaintiff filed a motion asking to join the defendants' motion, explaining that the defendants quoted and referred to confidential and proprietary information contained in sealed documents in both their counterclaims, dkt. no. 17, and their brief in opposition to motion to remand, dkt. no. 18. Dkt. No. 20 at 1. The plaintiff also says that the

6

defendants' counterclaims and brief in opposition to plaintiff's motion to remand disclose additional proprietary and confidential information. <u>Id.</u>

The defendants asked the court to seal all the documents because the plaintiff failed to designate the portions of the documents that required restriction. The plaintiff's motion to join does not cure that problem. While the answer, counterclaims and opposition brief make references to the documents the parties have asked the court to restrict, it is not apparent to this court (1) why it is necessary to restrict the entire answer, affirmative defenses and counterclaims, as well as the defendants' brief in opposition to the motion to remand, in order to protect the confidential information or (2) what additional propriety information is at issue. Unless the plaintiff can provide compelling reasons to seal the forty-four-page answer, affirmative defenses and counterclaims and the twenty-two-page brief in opposition, the court will be required to deny the motion. The court will give the parties (most likely, the plaintiff) fourteen days to file a motion identifying the portions of these documents that should be restricted, explaining why and attaching a proposed redacted version of the documents. The court will restrict the documents for fourteen days; if the court does not receive a new motion within fourteen days, the court will order the clerk's office to open the documents to the public on the fifteenth day.

## II.    Motion for *Ex Parte* Temporary Restraining Order and Temporary Injunction Against Archangel, Inc. and Allen M. Ziegler (Dkt. No. 4)

The same day the court received the notice of removal—March 2, 2022— defense counsel filed a separate motion titled "Motion for *Ex Parte* Temporary

7

Restraining Order and Temporary Injunction Against Archangel, Inc. and Allen M. Ziegler." Dkt. No. 4. The document is a copy of the motion and proposed order the plaintiff had filed in state court seeking the TRO and temporary injunction under Wis. Stat. §§813.02 and 813.08; the documents are stamped filed by the Waukesha County Clerk, they contain the state court case number and case codes and the motion says that the plaintiff will appear at the Waukesha Courthouse before Circuit Court Judge Michael Maxwell. Dkt. No. 4 at 1. The motion does not contain the case law or authority applicable in federal court. It does not ask for relief from a federal court or provide a basis for a federal court to grant relief. The court will deny the motion without prejudice.

If the plaintiff seeks injunctive relief from this court, it may file a motion under Fed. R. Civ. P. 65, complying with the procedures for seeking injunctive relief in federal court and citing relevant authority.

III.   **Plaintiff's Objection to Removal and Motion to Remand to State Court (Dkt. No. 12) and Motion to Dismiss for *Forum Non Conveniens* and, In the Alternative, for Partial Dismissal for Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(6) (Dkt. No. 25)**

Finally, the plaintiff objects to removal to federal court and demands remand to state court. Dkt. No. 12. It also has demanded dismissal. Dkt. No. 25. Both motions appear to relate to forum selection clauses in the governing contracts. The court will require the parties to appear for oral argument on these motions.

## IV. Conclusion

The court **GRANTS** the defendants' motion to seal certain documents filed under seal in removed state court lawsuit. Dkt. No. 3.

The court **ORDERS** that the clerk's office must restrict from public view Dkt. No 1-2, allowing access only to the court and the parties.

The court **GRANTS** Archangel, Inc.'s motion to seal Exhibit 1 to counterclaims. Dkt. No. 16.

The court **ORDERS** that the clerk's office must restrict from public view Dkt. No. 17-1, allowing access only to the court and the parties.

The court **DIRECTS** the Clerk of Court to change the status of Dkt. Nos. 1-2 and 17-1 from "sealed" to "restricted."

The court **DENIES WITHOUT PREJUDICE** the defendants' Civil L.R. 7(h) expedited, non-dispositive motion to seal certain documents filed in this lawsuit. Dkt. No. 19.

The court **ORDERS** that if any party wants portions of the answer and counterclaims and/or the brief in opposition restricted, then by the end of the day on **November 30, 2022**, that party must file a motion identifying the portions of the document the party seeks to have restricted and stating cause for doing so. The motion must comply with Gen. L.R. 79(d). If no party files a motion by the end of the day on November 30, 2022, the court will order the clerk's office to allow public access to the documents. The court **DIRECTS** the Clerk of Court to maintain Dkt. No. 17 as sealed and restrict from public view

9

Dkt. No. 18, allowing access to only the court and the parties, until further order of the court.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's *ex parte* motion for temporary restraining order and temporary injunction against Archangel, Inc. and Allen M. Ziegler. Dkt. No. 4.

The court **ORDERS** that on **February 8, 2023 at 10:00 AM** the parties must appear for a telephonic oral argument on the plaintiff's objection to removal and motion to remand to state court, dkt. no. 12, and plaintiff's motion to dismiss for *forum non conveniens* and, in the alternative, for partial dismissal for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6), dkt. no. 25. The parties are to appear by calling the court's conference line at 888-557-8511 and entering access code 4893665#.

Dated in Milwaukee, Wisconsin this 14th day of November, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

10